TYSON, Judge.
On August 27, 1987, Dianne Daniels entered a plea of guilty to the charge of “Negotiating a Worthless Negotiable Instrument”, a violation of § 13A-9-13.1, Code of Alabama, 1975 as amended. A stipulation was entered by and between the appellant and the district attorney’s office, whereby sufficient data was placed before the trial court to support a voluntary plea of guilty. The trial court then duly accepted this plea.
Pursuant to the plea of guilty, the appellant was sentenced as follows:
“1. A fine of $25.00;
“2. Restitution of $66.03, the amount of the check; and
“3. Costs of $210.20, including the Worthless Check Unit fees ($45.00), court costs ($72.00), subpoena fees ($32.00), and 85% of the court costs ($61.20). (R 8).” (Appellant’s brief, p. 3)
I
From the above circumstances, a question of law was stipulated for decision by this court. The stipulation entered into by the parties is found on Record page 10 and is as follows:
“STATE OF ALABAMA IN THE DISTRICT COURT OF “V. HOUSTON COUNTY, ALABAMA
“DIANNE DANIELS, CRIMINAL DIVISION
“Defendant. DC-87-1175”
JOINT STIPULATION OF FACTS AND QUESTION OF LAW
“Comes now the State of Alabama and the Defendant, Dianne Daniels, by and through her undersigned attorney, and jointly stipulate as follows:
“1. On August 27, 1987, the Defendant plead guilty to one count of Negotiating a Worthless Negotiable Instrument;
“2. The underlying facts were sufficient to support said plea of guilty;
“8. Defendant was sentenced to pay, among other costs and restitution, a $45.00 service charge to the District Attorney’s Office, court costs, and a service charge amount to 85% of the costs of court, all pursuant to § 12 — 17—224, Code of Alabama (1975);
“4. The single issue for appeal and review is:
“Whether the Court, upon a plea of guilty, may assess, as part of costs and restitution, the service charge authorized by § 12-17 — 224(a)(2)(e)(l)(i)(I), to be paid to the District Attorney’s office, in addition to that service charge authorized by § 12-17 — 224(a)(2)(e)(1)(i)(II), both provisions being in the Code of Alabama (1975).
“Respectfully submitted,
"9/2/87 /s/ Phyllis J. Logsdon
Date Attorney for Defendant
"9/2/87 /s/ Henry D. Binford
Date Asst. Attorney General”
The provisions of § 12-17-224(a)(2)(e) dealing with fees and restitution read as follows:
“e. Fees and restitution.
“1. Definitions.
“(i) FEES. The worthless check unit of the special services division of the district attorney’s office may charge a service charge in the stated amount in the following circumstances:
“I. In those cases where the accused has been notified by mail that a warrant has been issued and same may be criminally prosecuted unless he voluntarily surrenders himself to the worthless check unit within 10 business days from the date of said notice, and if such accused voluntarily surrenders himself pursuant to said notice within the aforesaid 10 business days, the worthless check unit may collect the sum of $40.00 from the accused as a service charge for processing said check. This service charge shall be increased in the same dollar amount as the court cost charged by the district court of said judicial circuit for violations of section 13A-9-13.1 when said court cost shall be increased.
“II. In those cases when the accused does not appear within 10 business days from the date of the notice issued to the accused, or if no restitution agreement is made, or if the accused does not comply with the restitution *122 agreement the case may be prosecuted in accordance with applicable laws and procedures. Upon appearance of said accused in the district or circuit court of said judicial circuit or the equivalent thereof and upon a finding of guilt or a plea of guilty, the court shall order the accused to satisfy an additional service charge equal to 85% of the court cost levied by the court for said offense. This amount shall not be in lieu of, but shall be in addition to, court costs assessed by the district or circuit court for said violation. Further, said service charge is to be paid to the general fund of the county to be disbursed pursuant to this section and shall not decrease any amounts allotted to any county or state agency from the court costs collected by the district or circuit court.”
The attorney general’s brief sets forth the sole issue before this court and makes the following argument in support of its position.
“The sole issue before this court on appeal is the statutory construction of § 12-17-224 Code of Alabama, (1975) known as the ‘Holmes-Laird Act’. The central question is following a conviction of a violation of § 13-9-13.1 what may be assessed as part of the sentence for the service charges allowed by § 12-17-224. The principal portion of the statute on this question is subsection (a)(2)e.l.(i) but a reading of the entire statute is necessary to determine the issue.
“The Holmes-Laird Act was enacted to authorize each district attorney’s office to establish a worthless check unit. It provides an alternative for disposition of worthless check complaints through the unit without the necessity of court action. It also provides for collection of ‘service charges’ from the offender and designates the use of the collected service charges.
“The Act provides that upon issuance of a warrant or approval of a complaint that the offending party is to be notified of the warrant or complaint. The offender is also notified that prosecution may be deferred if the offender voluntarily surrenders to the unit within ten (10) days. If the party surrenders, prosecution may be deferred if restitution arrangements are made and an initial service charge is paid to the unit for processing the check. If the party does not surrender the case is prosecuted through the courts.
“Subsection (2)e.l.(i) provides that the worthless check unit ‘may charge a service charge in the stated amount in the following circumstances’. Two types of circumstances are then listed. The first is when the accused voluntarily surrenders to the unit. The second is when the accused does not surrender and the complaint is prosecuted. The language is clear that the Worthless Check Unit may charge the service charge provided for in both circumstances. Further, the Act provides that in cases involving the second set of circumstances, ‘the court shall order the accused to satisfy an additional service charge equal to 85% of the court cost’ (Emphasis added). The term ‘additional’ is obviously a term of reference that shows that this service charge is to be ordered in addition to the service charge to be collected by the worthless check unit. The language of the Act is clear that the worthless check unit may collect the service charge provided for in both sets of circumstances and that in cases where court action is necessary, the Court may order an ‘additional’ service charge to be paid.
“Appellant argues that such a reading of the Act would allow the District Attorney to collect a ‘double fee’ on cases resolved in court.” (Attorney General’s brief pages 4-6).
This court is in accord with the views hereinabove stated in the brief of the Attorney General of Alabama.
The statute in question provides that an additional service charge equal to 85% of the court costs shall be charged and collected when it is made necessary for the Worthless Check Unit to go to court to effect collection of the worthless check. Such is the cáse at bar.
*123 In view of the above, the judgment of the trial court was, in all respects, proper and is, hereby, affirmed.
For the reasons stated, the judgment appealed from is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.